IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

S.W., a minor by S.G., his parent, and
S.G., in her individual capacity;
Ca.R. a minor, and Ch.R, a minor, by D.R.,
their parent, and D.R. in her individual capacity;
P.F., a minor, by A.F., his parent, and
A.F., in his individual capacity;

R.W., a minor, by E.W., his parent, and
E.W., in her individual capacity,

S.B., a minor, by N.B. his parent, and                     Case No. 14-CV-792
N.B. in her individual capacity.

         Plaintiffs,
    vs.

Tony Evers, in his official capacity,
State of Wisconsin Department of Public Instruction,
Elkhorn Area School District,
Greendale School District,
Muskego-Norway School District,
Paris J1 School District,
Shorewood School District.

         Defendants.
_____

**DEFENDANT SHOREWOOD SCHOOL DISTRICT'S AMENDED
ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**
_____

NOW COMES the defendant, SHOREWOOD SCHOOL DISTRICT (herein "Shorewood"), by its undersigned attorneys, and hereby sets forth the following as its Amended Answer and Affirmative Defenses to the Amended Complaint filed by the Plaintiffs in the above-captioned case.

## ANSWER

1. In responding to Paragraph 1 of the Amended Complaint, admit that the State of Wisconsin has enacted Wis. Stat. § 118.51 governing open enrollment and that Wis. Stat. § 118.51 allows students to transfer to a school district other than the one in which they reside. As to the remaining allegations, Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted and therefore denies the same.

2. Deny the first three sentences of Paragraph 2 of the Amended Complaint. The remainder of Paragraph 2 constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, denied any remaining allegations.

## PARTIES

3. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 3 of the Amended Complaint and therefore denies the same.

4. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 4 of the Amended Complaint and therefore denies the same.

5. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 5 of the Amended Complaint and therefore denies the same.

6. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 6 of the Amended Complaint and therefore denies the same.

7. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 7 of the Amended Complaint and therefore denies the same.

8. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 8 of the Amended Complaint and therefore denies the same.

9. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 9 of the Amended Complaint and therefore denies the same.

10. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 10 of the Amended Complaint and therefore denies the same

11. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 11 of the Amended Complaint and therefore denies the same

12. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 12 of the Amended Complaint and therefore denies the same

13. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 13 of the Amended Complaint and therefore denies the same

14. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 14 of the Amended Complaint and therefore denies the same

15. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 15 of the Amended Complaint and therefore denies the same

16. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 16 of the Amended Complaint and therefore denies the same

17. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 17 of the Amended Complaint and therefore denies the same

18. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 18 of the Amended Complaint and therefore denies the same

19. In responding to Paragraph 19 of the Amended Complaint, upon information and belief, admit that defendant, Tony Evers, is the Superintendent of the Department of Public Instruction and that his principal place of business is 125 S. Webster Street, Madison, WI 53707-7841, and that Superintendent Evers is being sued in his official capacity. The remainder of Paragraph 19 constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

20. In responding to Paragraph 20 of the Amended Complaint, upon information and belief, admit that DPI is an agency of the State of Wisconsin with its offices and principal place of business at 125 S. Webster Street, Madison, WI 53707-7841. The remainder of Paragraph 20 constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

21. Admit the allegations contained in Paragraph 21 of the Amended Complaint.

22. Admit the allegations contained in Paragraph 22 of the Amended Complaint.

23. Admit the allegations contained in Paragraph 23 of the Amended Complaint.

24. Admit the allegations contained in Paragraph 24 of the Amended Complaint.

25. Admit the allegations contained in Paragraph 25 of the Amended Complaint.

26. Paragraph 26 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

## JURISDICTION AND VENUE

27. In responding to the allegations contained in Paragraph 27 of the Amended Complaint, admit this case is brought under the cited statutes and challenges sections of Wisconsin's "Open Enrollment Law," but deny any allegation or inference that said challenge has any merit. The remainder of Paragraph 27 constitutes a request for a legal ruling and/or a legal conclusion to which no response is required. To the extent any respond is required, deny same.

28. In responding to the allegations contained in Paragraph 28 of the Amended Complaint, admit this Court has jurisdiction over this matter, but deny any allegation or inference that the Complaint has any merit and deny any remaining allegations.

29. In responding to the allegations contained in Paragraph 29 of the Amended Complaint, admit venue is proper in this Court, but deny any allegation or inference that the Complaint has any merit and deny any remaining allegations.

**CAUSE OF ACTION FOR VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, THE ADA, AND SECTION 504**

*FACTUAL BACKGROUND*

30. In responding to Paragraph 30 of the Amended Complaint, deny that education as provided through and in accordance with the Open Enrollment Law is a service, program, or activity provided by the defendants; admit that the DPI open enrollment website and the Legislative Fiscal Bureau website contain the stated references; and deny any remaining allegations.

31. Deny the allegations contained in Paragraph 31 of the Amended Complaint.

32. Deny the allegations contained in Paragraph 32 of the Amended Complaint.

33. In responding to the allegations contained in Paragraph 33 of the Amended Complaint, deny and allegation or inference that Shorewood sets separate quotas for children with disabilities. Shorewood lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 33 and therefore denies same.

34. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 34 of the Amended Complaint and therefore denies the same.

35. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 35 of the Amended Complaint and therefore denies the same.

36. In responding to the allegations contained in Paragraph 36 of the Amended Complaint, upon information and belief, admit that the open enrollment form asks whether the pupil receives special education services and whether the pupil has an individualized education program (IEP). As to the remaining allegations of Paragraph 36, Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies same.

37. Deny the allegations contained in Paragraph 37 of the Amended Complaint.

### S.W.'s and S.G.'s experience with open enrollment

38. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 38 of the Amended Complaint and therefore denies the same.

39. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 39 of the Amended Complaint and therefore denies the same.

40. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 40 of the Amended Complaint and therefore denies the same.

41. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 41 of the Amended Complaint and therefore denies the same.

42. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 42 of the Amended Complaint and therefore denies the same.

43. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 43 of the Amended Complaint and therefore denies the same.

44. In responding to the allegations contained in Paragraph 44 of the Amended Complaint, deny that Wisconsin law permits discrimination against children with disabilities. The remainder of Paragraph 44 constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

45. In responding to the allegations contained in Paragraph 45 of the Amended Complaint, deny that Wisconsin law permits discrimination against children with disabilities. The remainder of Paragraph 45 constitutes a request for a legal ruling or determination which requires no answer, and therefore Shorewood denies the same.

### *Ca.R.'s, Ch.R's AND D.R.'s experience with open enrollment*

46. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 46 of the Amended Complaint and therefore denies the same.

47. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 47 of the Amended Complaint and therefore denies the same.

48. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 48 of the Amended Complaint and therefore denies the same.

49. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 49 of the Amended Complaint and therefore denies the same.

50. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 50 of the Amended Complaint and therefore denies the same.

51. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 51 of the Amended Complaint and therefore denies the same.

52. In responding to the allegations contained in Paragraph 52 of the Amended Complaint, deny that Wisconsin law permits discrimination against children with disabilities. The remainder of Paragraph 52 constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same..

53. In responding to the allegations contained in Paragraph 53 of the Amended Complaint, deny that Wisconsin law permits discrimination against children with disabilities. The remainder of Paragraph 53 constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

### *P.F.'s and A.F.'s experience with open enrollment*

54. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 54 of the Amended Complaint and therefore denies the same.

55. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 55 of the Amended Complaint and therefore denies the same.

56. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 56 of the Amended Complaint and therefore denies the same.

57. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 57 of the Amended Complaint and therefore denies the same.

58. In responding to the allegations contained in Paragraph 58 of the Amended Complaint, deny that Wisconsin law permits discrimination against children with disabilities. The remainder of Paragraph 58 constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

59. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 59 of the Amended Complaint and therefore denies the same.

### *R.W.'s and E.W.'s experience with open enrollment.*

60.     Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 60 of the Amended Complaint and therefore denies the same.

61.     Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 61 of the Amended Complaint and therefore denies the same.

62.     Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 62 of the Amended Complaint and therefore denies the same.

63.     Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 63 of the Amended Complaint and therefore denies the same.

64.     Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 64 of the Amended Complaint and therefore denies the same.

65.     Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 65 of the Amended Complaint and therefore denies the same.

66.     Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 66 of the Amended Complaint and therefore denies the same.

67. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 67 of the Amended Complaint and therefore denies the same.

68. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 68 of the Amended Complaint and therefore denies the same.

69. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 69 of the Amended Complaint and therefore denies the same.

*N.B.'s and S.B.'s experience with open enrollment.*

70. In responding to the allegations contained in Paragraph 70 of the Amended Complaint, admit that S.B. applied under the Open Enrollment Law to transfer into Shorewood School District and deny that S.B.'s application to Shorewood was denied. As to the remaining allegations contained in Paragraph 70, Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

71. In responding to the allegations contained in Paragraph 71 of the Amended Complaint, admit that S.B. applied to transfer to a Shorewood school for the 2014-15 school year through open enrollment. As to the remaining allegations contained in Paragraph 71, Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

72. In responding to the allegations contained in Paragraph 72 of the Amended Complaint, admit that S.B.'s open enrollment application was accepted for the 2014-15 school

year by Shorewood, and affirmatively assert that S.B.'s open enrollment application indicated that S.B. did not have any disability or that S.B. had any IEP requirements.

73. Deny the allegations contained in Paragraph 73 of the Amended Complaint as stated, and affirmatively assert that, on or about October 8, 2014, Shorewood informed N.B. that "[d]ue to inaccurate information provided on the application" Shorewood's initial acceptance of S.B. under the open enrollment law had been revoked, and Shorewood informed N.B. that "[s]pace is not available in the special education or related services required in your child's individualized education program."

74. Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted in Paragraph 74 of the Amended Complaint and therefore denies the same.

75. In responding to the allegations contained in Paragraph 75 of the Amended Complaint, deny that Shorewood refused to allow S.B. to attend school in Shorewood because he was disabled. As to the remaining allegations of Paragraph 75, Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

76. Admit the allegations contained in Paragraph 76 of the Amended Complaint.

77. Admit the Allegations contained in Paragraph 77 of the Amended Complaint, but affirmatively assert that DPI also ruled that S.B. was "no longer eligible to receive special education."

78. Deny the allegations contained in Paragraph 78 of the Amended Complaint.

79. Paragraph 79 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

80. Deny the allegations contained in Paragraph 80 of the Amended Complaint.

*CLAIM FOR RELIEF*

81. In responding to Paragraph 81 of the Amended Complaint, deny that Wisconsin's open Enrollment Law prevents the plaintiffs from being able to transfer to and receive an education from a school district other than the school district in which they reside solely because of their abilities. The remainder of Paragraph 81 constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

82. Paragraph 82 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

83. Paragraph 83 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

84. Paragraph 84 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

85. Paragraph 85 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

86. Paragraph 86 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

87. Paragraph 87 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

88. Paragraph 88 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

89. Paragraph 89 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

90. In responding to Paragraph 90 of the Amended Complaint, admit that Shorewood adopted policies regarding open enrollment and acted according to those policies and deny that Shorewood has deprived any children of their rights, privileges, or immunities secured by the Constitution and laws. The remainder of Paragraph 90 constitutes a request for a legal ruling or determination which requires no answer and/or Shorewood lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted and therefore denies the same.

91. In responding to Paragraph 91 of the Amended Complaint, admit that Shorewood is a public entity and is a recipient of federal funding. The remainder of Paragraph 91 constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

92. Deny the allegations contained in Paragraph 92 of the Amended Complaint.

93. Paragraph 93 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

94. Paragraph 94 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

95. Deny the allegations contained in Paragraph 95 of the Amended Complaint.

96. Paragraph 96 of the Amended Complaint constitutes a request for a legal ruling or determination which requires no response. To the extent a response is required, deny.

## PRAYER FOR RELIEF

97. The section following Paragraph 96 of the Amended Complaint constitutes a Prayer for Relief, rather than a factual allegation, to which no response is required. To the extent a response is required, deny Plaintiffs have a viable cause of action and deny Plaintiff are entitled to any relief.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses to the Complaint, the defendant, Shorewood, alleges as follows:

1. Plaintiffs are estopped from bringing their claims against Shorewood by their own actions or inactions.

2. Plaintiffs have waived their claims against Shorewood.

3. Plaintiffs have failed to state a claim upon which relief can be granted against Shorewood.

4. Plaintiffs have brought their claims against Shorewood in an improper venue.

5. Plaintiffs have not exhausted their administrative remedies before bringing this action against Shorewood.

6. Plaintiffs have failed to mitigate any damages they may have incurred, if any.

7. Defendant, Shorewood, has at all times acted according to the law and in a legitimate, non-discriminatory manner.

8. This Court lacks subject-matter jurisdiction over the claims asserted by Plaintiff.

9. Plaintiffs' claim against Shorewood is moot.

10. Defendant, Shorewood, reserves the right to name additional affirmative defenses as they may become known through further discovery or otherwise in this action.

**WHEREFORE**, defendant Shorewood School District, demands the following relief:

1.	Judgment dismissing Plaintiffs' Complaint in its entirety with prejudice;

2.	For fees and costs incurred in this matter including attorneys' fees; and

3.	Any other relief this Court deems just and equitable.

Dated this 30th day of March, 2015.

        Respectfully submitted,

        /s/ Kevin C. Pollard
        Joel S. Aziere
        State Bar No. 1030823
        Kevin C. Pollard
        State Bar No. 1074929
        Buelow Vetter Buikema Vliet & Olson, LLC
        20855 Watertown Road, Suite 200
        Waukesha, Wisconsin 53186

        *Attorneys for Shorewood School District*